Goetz Fitzpatrick LLP
One Penn Plaza
New York, New York 10119
Telephone: (212) 695-8100
Facsimile: (212) 629-4013
Gary M. Kushner, Esq.
Scott D. Simon, Esq.

*Attorneys for H.H. Benfield Electric Supply Company, Inc.
d/b/a Benfield Electric Co.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
In re:                                          :
                                                :
GEORGE E. KAZANTZIS,                            :   Case No. 12-13491(SCC)
                                                :
                                                :   Chapter 7
                        Debtor.                 :
---------------------------------------------------------------X

**APPLICATION BY BENFIELD ELECTRIC CO. FOR ORDER GRANTING
RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

**TO:    THE HONORABLE** SHELLEY C. CHAPMAN**,
         UNITED STATES BANKRUPTCY JUDGE**

H.H. Benfield Electric Supply Company, Inc. d/b/a Benfield Electric Co. ("Benfield"), by its attorneys, Goetz Fitzpatrick LLP, as and for its motion (the "Motion") for entry of an order pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Rule 4001 of the Federal Rules of Bankruptcy Procedure for relief from the automatic stay *nunc pro tunc* to June 11, 2013, the date of the Chapter 7 trustee's Report of No Distribution, respectfully states as follows:

## BACKGROUND FACTS

1. Benfield is in the business of providing electrical supplies to various contractors.

2. From time to time, Benfield supplied materials to SMC Electrical Contracting, Inc. ("SMC").

3. Upon information and belief, George E. Kazantzis (the "Debtor") is an officer and/or director of SMC and derives his income solely through his employment with SMC.

4. On or about August 20, 2009, Benfield commenced an action in the Supreme Court of the State of New York, County of New York, against SMC and the Debtor bearing Index No. 111934/09 seeking, *inter alia*, recovery of $642,169.65 for goods sold and delivered (the "State Court Action"). The Debtor was sued in the State Court Action on the basis that he provided his personal guaranty of SMC's indebtedness to Benfield.

5. On or about January 13, 2010, Benfield's motion for summary judgment in the State Court Action was granted.

6. On or about January 15, 2010, a money judgment against SMC and the Debtor was entered in the amount of $658,017.49 (the "Judgment").

7. Thereafter, the Debtor, SMC and Benfield entered into a settlement agreement in the State Court Action that required SMC and the Debtor to pay the Judgment to Benfield in installments (the "Stipulation"). Pursuant to the Stipulation, SMC and the Debtor agreed to make an initial payment in the amount of $150,000 to be received on or before March 1, 2010 and thereafter, to make forty-eight (48) additional consecutive monthly payments of $12,823.73 each, inclusive of interest at nine percent (9%) per annum.

8.  Pursuant to the Stipulation, as collateral security for the repayment of the Judgment, the Debtor pledged his interest in a cooperative apartment, Unit 5G at 209 East 56th Street, New York, New York (the "Apartment").

9.  Benfield perfected its security interest in the Apartment by filing a UCC Financing Statement and UCC Financing Statement Cooperative Addendum with the Office of the City Registrar on March 25, 2010.

10. Benfield is therefore a first-priority, senior secured lienholder against the Apartment.

11. Although certain payments through May 2011 were made to Benfield under the Stipulation, SMC and the Debtor ultimately defaulted.

12. On September 30, 2011, SMC filed a voluntary petition for relief from its creditors under chapter 11 of the Bankruptcy Code. SMC's chapter 11 case is pending in this Court under Bankruptcy Case No. 11-14599 (SMB).

**The Debtor's First Bankruptcy Filing**

13. On November 3, 2011 (the "Chapter 13 Petition Date"), the Debtor filed a voluntary petition for relief from his creditors pursuant to chapter 13 of the Bankruptcy Code (the "Chapter 13 Petition"). The chapter 13 case was docketed in this Court under Case No. 11-15131 (SHL).

14. Schedule "D" of the Chapter 13 Petition indicated that the Apartment is not encumbered by a mortgage and does not otherwise reflect Benfield's secured claim. See the Chapter 13 Petition, ECF No. 8, at Schedule D, a copy of which is annexed hereto as Exhibit "A".

15. Following the Chapter 13 Petition Date, and on or about November 9, 2011, Benfield timely filed a proof of claim in the Debtor's chapter 13 case alleging a secured claim against the Debtor in the amount of $401,090.66 inclusive of interest as of the Petition Date.

16. On December 1, 2011, the Debtor filed his chapter 13 plan (the "Chapter 13 Plan").

17. Upon information and belief, the Debtor's 341 hearing was held on or about December 8, 2011, at which the Debtor testified that the Chapter 13 Petition was true and accurate.

18. On January 27, 2012, Benfield filed an objection to the Chapter 13 Plan (the "Objection").

19. The Objection demonstrated that the Chapter 13 Plan was not confirmable for two reasons: First, the Plan could not be confirmed pursuant to §1325(a)(4) because the Plan would not provide a distribution to creditors that was equal to or greater than what creditors would receive on liquidation of the Debtor's assets. Second, the Plan was not feasible because (i) the Debtor failed to provide for payments to Benfield given the Debtor's intent to keep the Apartment; and (ii) the Debtor provided no credible evidence of his ability to make the proposed monthly payments under the Plan, which is required for confirmation under Bankruptcy Code §1325(a)(6).

20. A hearing on the Plan was scheduled for April 5, 2012 but adjourned at the Debtor's request to June 13, 2012.

21. The week before the adjourned hearing, the Debtor's counsel indicated to Benfield's counsel that, given Benfield's Objection, the Debtor intended to file an amended plan.

22. On June 12, 2012, the day before the adjourned confirmation hearing, Benfield's counsel emailed the Debtor's counsel, noting that no amendment to the plan had been filed and that the Debtor's counsel had failed to respond to several telephone messages seeking an explanation.

23. In response to this email, the Debtor's counsel sought a further adjournment of the hearing so as to provide his client with more time to decide whether or not to convert to a chapter 7 or to withdraw the Chapter 13 Petition.

24. Benfield consented to a further adjournment of the June 13, 2012 confirmation to July 12, 2012.

25. The Debtor failed to file an amended plan or a motion to convert the chapter 13 case to one under chapter 7.

26. At the adjourned July 12, 2012 confirmation hearing, both the Debtor and his counsel failed to appear.

27. Accordingly, on July 13, 2012, Benfield filed a motion to dismiss or convert the Debtor's chapter 13 case. On July 19, 2012, the Chapter 13 Trustee filed his own motion to dismiss the Debtor's chapter 13 case.

28. On July 27, 2012, the Debtor agreed to voluntarily dismiss the chapter 13 case.

29. On July 31, 2012, the Court entered an Order granting the voluntary dismissal.

**The Debtor's Second Bankruptcy Filing**

30. On August 15, 2012, the Debtor filed the instant voluntary petition for relief from his creditors pursuant to chapter 7 of the Bankruptcy Code (ECF No. 1, the "Chapter 7 Petition").

31. Like the Chapter 13 Petition, Schedule "D" to the Chapter 7 Petition fails to account for Benfield's perfected secured lien on the Apartment.

32. However, the Chapter 7 Petition now provides that sometime between 2004 and 2006, the Debtor received a loan from relatives in Greece – secured by the Apartment – in the amount of $228,000 (the "Family Loan"). This is the same collateral that was pledged to Benfield in connection with the original settlement of the Judgment.

33. In addition to the Debtor's failure to schedule the Family Loan on his Chapter 13 Petition – nor, indeed, to even mention the Family Loan's existence during the chapter 13 proceedings – the Office of the New York City Register demonstrates that the Family Loan was never recorded against the property. A copy of the ACRIS search results for the Apartment's block and lot number from 2004 through 2006 is annexed hereto as Exhibit "B".

34. The 521 statement attached to the Chapter 7 Petition provides that the Debtor intends to keep the Apartment.

35. As a result of that statement of intention, under Section 521 of the Bankruptcy Code, the Debtor is required to satisfy Benfield's judgment.

36. The Debtor has not made any payments or any offer to work out the judgment, nor has any such offer been accepted by Benfield.

37. Consequently, Benfield has not been adequately protected, and interest continues to accrue on its unpaid obligations, to Benfield's detriment.

38. On June 11, 2013, the Chapter 7 trustee entered a Report of No Distribution.

## JURISDICTION

39.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is 11 U.S.C. § 362 and Bankruptcy Rule 4001.

## RELIEF REQUESTED

40.      Upon entry of a Chapter 7 trustee's Report of No Distribution, many Bankruptcy Courts consider the trustee to have abandoned any interest the estate may have had in the property and the automatic stay no longer in effect as to such property. See, e.g., In re Walker, 151 B.R. 1006, 1008 (Bankr.E.D.Ark. 1993) (creditor was free to continue litigation pending in state court as of date trustee's Report of No Distribution filed with clerk).

41.      Here, the chapter 7 trustee filed its Report of No Distribution on June 11, 2013, certifying that the estate has been fully administered. No objection has been filed by the United States Trustee or a party in interest. Pursuant to Bankruptcy Rule 5009, there now exists a presumption that the estate has been fully administered.

42.      Given the Chapter 7 trustee's report and the lack of objection from any interested party, the Debtor's creditors may consider the estate's property abandoned back to the Debtor.

43.      In an abundance of caution, however, Benfield seeks an Order lifting the automatic stay as to the Apartment, *nunc pro tunc* to the trustee's Report of No Distribution, so Benfield can proceed with litigation in state court to sell its properly perfected interest in the Apartment, for which Benfield believes good cause exists, as follows:

44.      Section 362(d) of the Bankruptcy Code provides the circumstances under which this Court may terminate, annul, modify, or condition the automatic stay imposed upon the filing

of a petition for relief. Benfield is entitled to relief from stay under Section 362(d)(1) and (2), which provide:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A)the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

45. The use of the word ""shall'' in Section 362(d) indicates that the provisions of that section are mandatory.

46. The legislative history of this statute supports the interpretation of the Code:

> Under Section 362(d)(1) of the House Amendment, the court may terminate, annul, modify, or condition the automatic stay for cause, including lack of adequate protection of an interest in property of a secured party. Under Section 362(d)(2) the court may alternatively terminate, annul, modify, or condition the automatic stay for cause including adequate protection of the creditor. **The court shall grant relief from the automatic stay if there is no equity and it is not necessary for an effective reorganization of the debtor**.

124 Cong. Rec. H 11092-3 (September 28, 1978; S17409 October 6,1978), reprinted in Collier on Bankruptcy, Appendix, Volume 3 [emphasis added].

47. Thus, if Benfield can demonstrate the conditions of either Section 362(d)(1) or (2), this Court must grant relief from the automatic stay. Subsection (d) presents an alternative basis for termination of the stay. If there is no adequate protection to the secured party, the stay shall be terminated.

**Benfield is entitled to relief from the automatic stay under § 362(d)(1) for cause.**

48.     The Bankruptcy Code does not define "cause," but it is a broad and flexible concept. In re M.J. & K. Co., Inc., 161 B.R. 586, 590 (Bankr.S.D.N.Y. 1993).

49.     Under 11 U.S.C. § 362(d)(1) "cause" for relief from the automatic stay is expressly present where a debtor fails to provide a secured creditor with adequate protection. 11 U.S.C. § 362(d)(1). See also In re Zeoli, 249 B.R. 61 (Bankr.S.D.N.Y. 2000)(Debtor's failure to tender any adequate protection conflicts with the statute, Section 362(d)(1), and is particularly unacceptable where the debtor controls and continues to use and depreciate the collateral).

50.     "Cause" also exists under 11 U.S.C. § 362(d)(1), as the Debtor has paid nothing to Benfield post-petition. See In re Kornhauser, 184 B.R. 425, 428 (Bankr.S.D.N.Y. 1995); In re R & H Investment Co., Inc., 46 B.R. 114, 118 (Bankr. D.Conn. 1985).

51.     Once an initial showing of cause is made, the Debtor bears the burden of proving that no grounds exist for a finding of "cause" to lift the stay. Sonnax Indus., Inc. v. Tri Component Products Corp., (In re Sonnax Indus., Inc.), 907 F. 2d 1280, 1285 (2d Cir. 1990).

52.     In the case at bar, the Debtor is not paying and cannot afford to pay Benfield pursuant to the Stipulation for the use of the Apartment as an administrative expense, and has no equity in the Apartment.

53.     Thus, sufficient "cause" exists under § 362(d)(1) of the Code to warrant termination of the automatic stay so as to permit Benfield to enforce its remedies under the Judgment, the Stipulation and applicable law to recover and dispose of the Apartment.

**Benfield is entitled to relief from the automatic stay under § 362(d)(2).**

54.     Benfield submits that there is no equity in the Apartment and that the Apartment is not needed for an effective reorganization inasmuch as this is a chapter 7 case.

55.     The Debtor's own schedules indicate that the Apartment has a value of $300,000, which is more than $200,000 less than the debt outstanding pursuant to the Stipulation.

56.     Accordingly, Benfield is entitled to relief under § 362(d)(2).

WHEREFORE, it is respectfully requested that this application be granted and the affixed Order be made and entered and for such other relief as may be just, proper and equitable.

Dated:  New York, New York
        October 18, 2013

                                        Goetz Fitzpatrick LLP
                                        *Attorneys for H.H. Benfield Electric Supply Company, Inc.*

                                        By: /s/Gary M. Kushner
                                        A Partner of the Firm
                                        Scott D. Simon
                                        One Penn Plaza
                                        New York, New York 10119
                                        (212) 695-8100